IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNISOURCE WORLDWIDE, INC.,

    Plaintiff,

v.                                                                                  CIV 00-0437 MV/KBM

UNIVERSAL PRINTING & PUBLISHING, INC.,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion in Limine *(Doc. 49)* and Defendant's Counter Motion *(Doc. 51)*. I have considered the arguments, pleadings and relevant law set forth in the memoranda submitted by the parties. Unlike many motions in limine based upon the Federal Rules of Evidence, the grounds for these motions relate to the Federal Rule of Civil Procedure and alleged violations of discovery deadlines and non-production of documents. Therefore, I find that as the magistrate judge to whom discovery matters have been referred, I am in an appropriate position to make the following recommendation to the presiding judge.

This case has been set for trial on several occasions, and repeatedly those settings have been vacated. The most recent grounds for granting Defendant's request to continue the trial date hinge on Mr. Sizemore's recent substitution of appearance on behalf of Defendant.

The deadline for discovery in this matter was previously extended to January 15, 2001 – almost eighteen months ago. At the settlement conference in Las Cruces on April 19, 2001, the parties disputed the types and amounts of paper that had been delivered by Plaintiff to Defendant

pursuant to their agreement. It became clear that the roll manifests would constitute the best evidence of what was delivered and would greatly enhance the chances for a negotiated resolution. Because the roll manifests were in the hands of others, Plaintiff undertook to locate them as quickly as possible. Plaintiff was optimistic that they could be located and produced quickly, and all were agreed that the focus should remain on settlement efforts even with the looming May 14, 2001 trial setting.

Later status conferences revealed that the efforts to retrieve the roll manifests had been unsuccessful, however, and the parties could not be prepared for trial by that date. Thus, I requested on behalf of the parties that the trial be reset sometime during that summer. District Judge Vázquez then reset this matter for trial on October 9, 2001. Due to the illness of Defendant's then counsel, Ben Silva, that setting was again vacated and eventually, in March 2002, Vic Sizemore was substituted as counsel for Defendant. One month later, Defendant filed yet another opposed motion to continue, this time the May 13, 2002 trial setting before a visiting judge. Judge Vázquez granted that motion and no new trial setting has been noticed.

It is in this context that Plaintiff has filed the motion in limine seeking to exclude from trial witnesses and evidence of newly claimed consequential damages (lost profits, clients and goodwill) on the counterclaim which were identified for the first time in the Pre-Trial Order ("PTO").[1] In essence, Defendant concedes that the disputed witnesses and the above noted claims for consequential damages were identified only after discovery had closed. Defendant

---

[1] The original PTO was submitted to my chambers on April 19, 2001, the day following the initial settlement conference and then transmitted internally to the Santa Fe division. When I realized that the PTO had never been entered and could not be located, I ordered the parties to submit a Second PTO to Judge Vázquez' chambers for her approval. Although the attorney for Defendant is not identified in the replacement PTO which was entered March 15, 2002, it is substantially the same as the lost original.

notes that PTO will need to be amended to identify Mr. Sizemore as Defendant's attorney and should be supplemented with pending motions filed since the PTO's entry. As long as we're at it, Defendant's argument goes, discovery should be reopened and the PTO revisited "in many respects, in order to adequately represent the Defendant's interests." Response at 2.[2] Although I understand the dilemma now faced by new counsel, it would stand the rules of procedure on end to permit without just cause a party to "undo" the strategies and decisions made by prior counsel. Because such a result would jeopardize reasonable reliance on enforcement of rules and hinder the "just, speedy and inexpensive determination of every action," I will recommend that Plaintiff's motion in limine be granted. *See* FED. R. CIV. P. 1.

Finally, in its counter motion, Defendant seeks to exclude all of Plaintiff's claims for damages when based upon "delivery documents" that have not been produced. The unproduced delivery documentation is not specifically identified in the counter motion but would presumably include the unlocated roll manifests. Defendant contends that if unable to produce requested discovery documents that "would constitute proof of the **delivery** element in Plaintiff's case, it certainly follows that Plaintiff should not be permitted to recover damages." I believe this argument to be premature. Although the roll manifests could be the best evidence on the element of delivery, other evidence produced in discovery might suffice to meet Plaintiff's burden of proof.

If, on the other hand, Defendant is arguing that Plaintiff should be punished for failing to produce the roll manifests, more information would be required to justify such a sanction. Evidence that the documents were in the control of Plaintiff and that Plaintiff refused to turn them

---

[2] I disagree that the parties' agreement to take a late deposition of Rob Williamson in some way justifies the wholesale reopening of discovery. Mr. Williamson only recently informed Plaintiff that he will not attend the trial.

over could demonstrate sufficient bad faith, but no such showing has been made. Thus, I will recommend that Defendant's counter motion be denied.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion in Limine *(Doc. 49)* be granted and Defendant's Counter Motion *(Doc. 51)* be denied.

**IT IS FURTHER RECOMMENDED** that accompanying requests for the imposition of sanctions be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE